**Bayron Abigail MAZARIEGOS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73761.

Agency No. A72–140–365.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 22, 2003.

Carolyn Reinholdt, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Terri J. Scadron, Robbin K. Blaya, DOJ—U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before WARDLAW, BERZON and CLIFTON, Circuit Judges.

### MEMORANDUM**

Bayron Abigail Mazariegos, a native and citizen of Guatemala, petitions for review

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

of the Board of Immigration Appeals' order affirming the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez v. INS*, 82 F.3d 903, 907–08 (9th Cir.1996), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that Mazariegos failed to establish that he was persecuted, or has a well-founded fear of future persecution, on account of an enumerated ground. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Mazariegos testified that unidentified people in military uniforms threatened him because he resisted recruitment, but he failed to demonstrate that he suffered this treatment because of his actual or imputed political opinion. *See id.* at 482–83. Accordingly, Mazariegos failed to establish eligibility for asylum or withholding of removal. *See id.* at 481.

It follows that Mazariegos failed to satisfy the more stringent standard required to establish eligibility for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**